IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JOHN VALENZUELA                 :          CIVIL ACTION
                                :
            v.                  :
                                :
COMMONWEALTH OF PENNSYLVANIA,    :
et al.                                     NO. 18-1246


MEMORANDUM

Bartle, J.                              August 30, 2019

        Before the court is the petition of John Valenzuela

for habeas corpus relief under 28 U.S.C. § 2254.  He claims that

there was insufficient evidence to sustain his state conviction

beyond a reasonable doubt.

        Valenzuela was tried before a jury for statutory

sexual assault in the Court of Common Pleas of Philadelphia

County.  The jury found him guilty, and he was sentenced in

June 2015 to 11 1/2 to 23 months in prison to be followed by

10 years of probation.  His conviction was affirmed by the

Superior Court, and the Pennsylvania Supreme Court denied his

petition for allowance of appeal.

        Valenzuela has exhausted his state remedies, and his

petition under § 2254 before this court is timely.  The petition

was referred to Magistrate Judge Carol Sandra Moore Wells, who

filed a Report and Recommendation that relief be denied.

Valenzuela has filed objections to that Report and

Recommendation which are now before this court for de novo review. <u>See</u> 28 U.S.C. § 636(b)(1)(C).

The Pennsylvania crime of statutory sexual assault of which Valenzuela was convicted has three elements: (1) the complainant must be under sixteen years of age at the time that the defendant and the complainant had sexual intercourse; (2) the parties must not be married; and (3) the defendant must be more than four years older than the complainant. 18 Pa. Cons. Stat. Amn. § 3122.1. The petitioner claims that his constitutional right to due process under the Fourteenth Amendment was violated because there was insufficient evidence for the jury to find beyond a reasonable doubt that the complainant was under sixteen years of age when she and the defendant had sex. He does not contest the adequacy of the proof for the remaining elements needed for conviction.

The Supreme Court in <u>Jackson v. Virginia</u>, 443 U.S. 307, 324 (1979) declared:

> We hold that in a challenge to a state criminal conviction brought under 28 U.S.C. § 2254—if the settled procedural prerequisites for such a claim have otherwise been satisfied—the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt.

This court has carefully reviewed the record with respect to the evidence of the age of the complainant. The presiding Common Pleas Court Judge, the Pennsylvania Superior Court and the Magistrate Judge have all accurately delineated this evidence. We need not do so in detail again here. Suffice it to say, while we agree that there were certainly some inconsistencies in her testimony, the complainant did testify at the trial that she was fifteen years old when the event in question occurred and had likewise testified earlier at a preliminary hearing that she had sex with the defendant at a time when she was fifteen years old.

It is for the jury and not this court to determine issues of credibility and decide what evidence to believe and what evidence not to believe. It is for the jury to sort out any inconsistencies in the record. Taking the evidence in the light most favorable to the Commonwealth, there was sufficient evidence for a rational trier of fact to find proof beyond a reasonable doubt that the complainant was under sixteen years of age when she and the defendant had sexual intercourse so as to satisfy the Pennsylvania statutory sexual assault law. Id. The state courts' decisions on this issue were not objectively unreasonable. Coleman v. Johnson, 132 S. Ct. 2060, 2062 (2012).

The petitioner's argument that the Pennsylvania Superior Court affirmed his conviction on a basis inconsistent

with the beyond-a-reasonable-doubt standard is without merit. Even assuming he is correct, petitioner raises a matter of state law which does not constitute a valid federal constitutional claim. See id. at 2064-65.

The court overrules the objections of the petitioner, approves the recommendation of the Magistrate Judge, and denies the petitioner's motion for habeas corpus relief under 28 U.S.C. § 2254.